# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0297V

| | |
|---|---|
| JENNIFER GASTELUM,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 6, 2025 |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Benjamin Rex Eisenberg*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 26, 2024, Jennifer Gastelum filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on September 28, 2022. Petition, ECF No. 1. On January 8, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $15,066.35 (representing $13,972.10 in fees plus $1,094.25 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 4, 2025, ECF No. 31. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. *Id*. at 2.

Respondent reacted to the motion on February 5, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 32. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted.

Petitioner has also requested the hourly rate of $350.00 for 2025 work performed by attorney Leigh Finfer, representing a rate increase of $50.00 from the previous year. Although the proposed new rate falls within the experience range provided in OSM's recently updated Fee Schedules[3] for similarly-situated attorneys, I find the specifically-requested increase to be excessive (solely because it exceeds in magnitude the rate increases awarded for this attorney in past years – not because of any concerns with the quality of her work, which remains high). Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] a rate of **$330.00 per hour** is more appropriate for time billed by Ms. Finfer in 2025, given her relevant experience. **Application of the foregoing reduces the fees to be awarded by $42.00**.[5]

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 31 at 15-22. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's

---

[3] The OSM Attorneys' Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount is calculated as: ($350 - $330 = $20 x 2.10 hrs.) = $42.00.

Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $15,024.35 (representing $13,930.10 in fees plus $1,094.25 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.